UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY BANKS,<br><br>                Petitioner,<br><br>     v.<br><br>PHILLIPS, Warden,<br><br>                Respondent. | Case No. 1:23-cv-00175-CDB (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION WITHOUT LEAVE TO AMEND<br><br>(Doc. 1)<br><br>**OBJECTIONS DUE WITHIN 21 DAYS**<br><br><u>Clerk of the Court to Assign District Judge</u><br><br><u>Clerk of the Court to Update Docket and Effect Service Upon Petitioner</u> |

Petitioner Larry Banks ("Petitioner"), a state prisoner, proceeds pro se and *in forma pauperis* with a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 1). Because the petition is successive and fails to state a cognizable federal claim, the undersigned recommends that the petition be dismissed.

**Background**

Petitioner is currently serving a term of life in prison following his 2009 jury conviction for first degree murder with use of a knife during commission of the murder. *See Banks v. Gipson*, No. 1:11-cv-0267 LJO MJS (HC), 2013 WL 12191959, at *1 (E.D. Cal. Oct. 9, 2013), *report & recommendation adopted*, 2013 WL 12191960 (E.D. Cal. Oct. 30, 2013). The Fifth

Appellate District Court of Appeal affirmed Petitioner's conviction, and the California Supreme Court summarily denied review. *Id.* Petitioner's first federal petition for writ of habeas corpus challenging his conviction was denied on October 30, 2013, and the Ninth District Court of Appeals affirmed the denial on February 22, 2016. *Banks v. Gipson*, No. 1:11-cv-0267 LJO MJS (HC), 2013 WL 12191960 (E.D. Cal. Oct. 30, 2013); *Banks v. Gipson*, 637 F. App'x 379 (9th Cir. 2016).

In March 2019, Petitioner filed a state petition for resentencing under California Penal Code § 1170.95. *People v. Banks*, No. F079858, 2020 WL 1242926, at *1 (Cal. Ct. App. Mar. 16, 2020). The trial court denied the petition and the appellate court affirmed the denial. *Id.* Petitioner again filed a federal petition for writ of habeas corpus, which was dismissed on May 4, 2021, because Petitioner failed to state a cognizable federal habeas claim since he raised only issues of state law. *Banks v. Sherman*, No. 1:20-cv-01225-DAD-EPG (HC), 2021 WL 1754383, at *1 (E.D. Cal. May 4, 2021).

Petitioner filed a second state petition for resentencing pursuant to California Penal Code § 1172.6 on July 29, 2021, and the trial court denied the petition on April 13, 2022. *People v. Banks*, No. F084299, 2022 WL 9799340, at *1 (Cal. Ct. App. Oct. 17, 2022).[1] The Fifth Appellate District affirmed the denial. *Id.*

Petitioner filed the instant petition on February 6, 2023. (Doc. 1).

**Preliminary Screening**

Rule 4 of the Rules Governing § 2254 Cases ("Habeas Rules") requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. *Pro se* habeas petitions are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court must dismiss a petition "[i]f it plainly appears from the petition … that the petitioner is not entitled to relief." Habeas Rule 4. Habeas Rule 2(c) requires that a petition 1) specify all grounds for relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to

---

[1] "Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10)." *Banks*, 2022 WL 9799340, at *1 n.1.

a real possibility of a constitutional error. *Mayle v. Felix*, 545 U.S. 644, 655 (2005) ("Habeas Corpus Rule 2(c) is more demanding."). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam).

**Discussion**

   **A. Second or Successive Petition**

The instant petition appears to be an improper successive petition. Pursuant to 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." Where the claim was not present in a prior application, it shall be dismissed unless (1) "the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;" or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2). However, before filing a second or successive petition, a petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Here, while Petitioner appears to challenge the denial of his second state petition for resentencing, the attachments to the instant petition indicate the state petition was denied without prejudice because the court had already found a previous petition meritless. (Doc. 1 at 58). As indicated above, Petitioner previously sought and was denied habeas relief based on the denial of the first state petition for resentencing. *See Banks v. Sherman*, No. 1:20-cv-01225-DAD-EPG-HC, 2021 WL 1740257, at *1 (E.D. Cal. Mar. 4, 2021), *report & recommendation adopted*, 2021 WL 1754383 (E.D. Cal. May 4, 2021). Thus, Petitioner's claims concerning his entitlement to

resentencing were ripe at the time of his previous petition, rendering the current petition successive. *See Brown v. Atchley*, 76 F.4th 862, 872-73 (9th Cir. 2023) (considering when claims related to application for resentencing under Penal Code § 1170.95 became ripe in determining whether petition was successive). Accordingly, the petition is subject to dismissal as an unauthorized second or successive petition.

### B. Failure to State a Cognizable Claim

Even if the petition were not successive, Petitioner fails to state a cognizable federal habeas claim. While Petitioner used the approved form for § 2254 petitions, the majority of the form is blank, omitting critical information. (*See* Doc. 1 at 1-15). For instance, rather than specifically identifying the grounds for relief raised, the Petition indicates "see att" without further clarification as to where in the 75 pages of attachments the Court can find the grounds raised. (*Id.*). Review of the attachments—which include various filings and court orders from the proceedings related to Petitioner's state resentencing petitions—does not reveal specific grounds raised or facts supporting each ground as required by Habeas Rule 2(c). (*See id.* at 16-90).

Based on a review of the petition and attachments, Petitioner only appears to be challenging the second denial of resentencing. However, federal habeas relief is only warranted when a state prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Thus, "federal habeas corpus relief does not lie for errors of state law." *Wilson v. Corcoran*, 562 U.S.1, 5 (2010) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)). "Federal courts have routinely held that challenges to denials of section 1170.95 resentencing petitions pertain solely to the state court's interpretation and application of state sentencing law and therefore are not cognizable on federal habeas review." *Delci v. Arias*, No. 2:24-cv-07531-MRA-PD, 2024 WL 4875244, at *3 (C.D. Cal. Nov. 21, 2024) (citation modified) (collecting cases). In fact, Petitioner's previous federal habeas petition was denied for this reason. *Banks*, 2021 WL 1754383, at *1.

Because Petitioner appears to raise only state law issues, he has failed to state a cognizable federal habeas claim, his petition is subject to dismissal.

4

*   *   *   *   *

Based on the undersigned's review of the California Incarcerated Records and Information Search (CIRIS) tool, Petitioner presently is housed at Richard J. Donovan Correctional Facility (not at his docketed address of record). Although as he was advised in the Clerk of the Court's informational order (*see* Doc. 4 at 2) that it is Petitioner's duty to notify the Court and all other parties of any change of address, as a one-time courtesy, the Court will direct service of these findings and recommendations upon Petitioner both at his docketed address of record and new address.

**Conclusion and Recommendation**

Accordingly, the Clerk of Court is DIRECTED to randomly assign a district judge.

Further, the Clerk of the Court is DIRECTED to serve these findings and recommendations upon Petitioner (1) at his current address of record (California Substance Abuse Treatment Facility), and (2) at the following address that shall be updated as Petitioner's new address or record:

> Richard J. Donovan Correctional Facility
> 480 Alta Road
> San Diego, CA 92179

Additionally, for the foregoing reasons, it is HEREBY RECOMMENDED that the petition for writ of habeas corpus be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **21 days** of service, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be

disregarded by the District Judge when reviewing the Findings and Recommendations under 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**July 3, 2025**__  

UNITED STATES MAGISTRATE JUDGE