UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY BANKS,<br><br>                    Petitioner,<br><br>          v.<br><br>PHILLIPS,<br><br>                    Respondent. | Case No. 1:23-cv-00175 JLT CDB  (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS AN UNAUTHORIZED SUCCESSIVE PETITION, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Doc. 7) |

Larry Banks is a state prisoner proceeding *pro se* with his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) The magistrate judge performed a preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases and found "the instant petition appears to be an improper successive petition" under 28 U.S.C. § 2244(b) because "Petitioner previously sought and was denied habeas relief based on the denial of the first state petition for resentencing." (Doc. 7 at 3, citing *Banks v. Sherman*, Cse No. 1:20-cv-01225-DAD-EPG.) In addition, the magistrate judge found Petitioner failed to state a cognizable federal habeas claim because he does not state "specific grounds raised or facts supporting each ground as required by Habeas Rule 2(c)." (*Id.* at 4.) Therefore, the magistrate judge recommended the Court dismiss the petition. (*Id.* at 5.)

Petitioner filed timely objections to the Findings and Recommendations, as well as an amended petition. (Docs. 8, 10.) Petitioner makes arguments to challenge his underlying

conviction in the objections. (*See generally* Doc. 8.) Petitioner does not dispute—or even acknowledge—the findings of the magistrate judge that the petition before the Court is an unauthorized successive petition. Thus, Petitioner does not identify any legal or factual errors in the analysis by the magistrate judge.

According to 28 U.S.C. § 636(b)(1), the Court performed a *de novo* review of the case. Having carefully reviewed the entire matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Moreover, Petitioner's amended petition, challenging the same conviction, suffers the same infirmities identified by the magistrate judge and is also subject to dismissal. (*See* Doc. 10.)

The Court must also determine whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. If the Court denies a habeas petition on procedural grounds, it may only issue a certificate of appealability if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present case, the Court finds that reasonable jurists would not find the determination that the petition is successive debatable or wrong, or that Petitioner stated a valid claim of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability.

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on July 3, 2025 (Doc. 7) are **ADOPTED** in full.
2. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** without prejudice as an unauthorized successive petition.
3. The Clerk of Court is directed to close the case.

///

///

4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: __**August 7, 2025**__

UNITED STATES DISTRICT JUDGE

3